**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 97-4435

REED PAUL PAGE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-26)

Submitted: January 13, 1998

Decided: January 27, 1998

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward H. Childress, Charlottesville, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Nancy S. Healey, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Reed Paul Page appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C.§ 922(g) (1994). Page contends that the district court erred in denying his motion to suppress the firearm. We affirm.

On March 2, 1995, at approximately 7:00 pm, Deputy Sheriff Margi Jean Scott of the Culpeper County Sheriff's Department received a complaint from a resident at the Fletcher Trailer Park that an individual was walking around the trailer park brandishing firearms. Scott and two deputies went to the trailer park but, upon their arrival, they did not observe anyone brandishing firearms. Scott questioned the complainant, who stated that Page had approached him with the two weapons, one of which the complainant described as an M16 with a banana clip. During the confrontation with Page, the complainant became frightened and walked back to his trailer. The complainant informed Scott that Page lived with his girlfriend in her trailer and identified the trailer. While the officers questioned the complainant, a crowd began to gather. Scott then observed Page standing on the stoop of his girlfriend's trailer holding a rifle with a scope.

Upon observing Page with the weapon, Scott ordered the residents, who had gathered while Scott was questioning the complainant, to take cover. Scott took cover behind a truck. Page discharged the weapon in response to Scott's order to put the weapon down. After discharging the weapon, Page quickly went back into the trailer. Scott and the deputies surrounded the trailer, fearful that, because Page was in a "sniper" position, he could easily injure someone. Scott was aware that the trailer had a back entrance; however, from her vantage point, she was unable to view the entrance. After Scott repeatedly ordered Page to exit the trailer, Page suddenly appeared in the doorway. Scott, however, was unable to see if Page had discarded the weapon. Finally, Page appeared in the doorway with his hands up.

Scott ordered Page to step away from the trailer and to lie on the ground. While another deputy handcuffed Page, Scott asked Page if

2

anyone else was in the trailer. Page simply smiled and refused to tell Scott whether anyone else was inside the trailer. Based on Page's response and behavior, Scott and a deputy conducted a sweep of the trailer to determine whether anyone else was present. In one of the bedrooms, Scott observed a gun rack, a rifle with a scope, a firearm matching the complainant's description, and a banana clip. The cursory search was concluded as soon as the deputies determined that no one else was present.

Page entered a conditional guilty plea pursuant to a written plea agreement, reserving the right to appeal the district court's denial of his motion to suppress the two firearms and the ammunition clip found in the trailer. In his motion to suppress, Page argued that the deputies did not possess a reasonable belief, based on specific and articulable facts, that there was another person inside the trailer. Page argued that the only evidence that another person could be in the trailer was the complainant's statement that he lived in the trailer with his girlfriend. Page asserted that absent other information, the deputies' belief that another person could be in the trailer was unreasonable. Page further argued that, even assuming the deputies were justified in believing that Page's girlfriend was in the trailer, there was no evidence that she posed a danger to others.

The district court rejected Page's argument, finding that the officers had a reasonable, articulable suspicion that there might be a second person in the trailer. Specifically, the court found that based on the complainant's statement, the officers could reasonably conclude that Page lived in the trailer in which he was hiding, that his girlfriend also lived in the trailer, and that, because Page exited the trailer empty-handed, the firearms were still in the trailer. Further, there was no evidence from which the officers could conclude that Page's girlfriend was not in the trailer.

Page contends that the district court erred in denying his motion to suppress the two firearms and ammunition clip. On motions to suppress evidence, this Court reviews the factual findings underlying the legal conclusions under the clearly erroneous standard and reviews the legal conclusions of the district court regarding a suppression determination de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992).

3

Police officers may conduct a protective sweep of a location as a precautionary matter without probable cause. Maryland v. Buie, 494 U.S. 325, 334 (1990). An arresting officer is free to search areas "immediately adjoining the place of arrest from which an attack could be immediately launched." Id. "[I]f the searching officer possesse[d] a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant[ed] the officer in believing that the area swept harbored an individual posing a danger to the officers or others," the search does not violate the Fourth Amendment. Id. at 327 (citations and internal quotations omitted).

The deputies reasonably believed that their safety and the safety of the bystanders might be in danger. The deputies knew that at least one of the weapons was operable because Page had discharged the firearm in their presence. They reasonably believed that the weapons were still in the trailer because Page exited the trailer without them. The deputies were aware that, if an individual were in the trailer, the individual would have a distinct vantage point to injure the officers or the bystanders. Because the deputies knew that another person lived in the trailer and because they did not have reason to believe that the person would not be in the trailer, they could reasonably expect that the person was inside the trailer. Further, Page's response to the deputy's question regarding whether another person was inside suggested that someone was inside the trailer. We therefore affirm the district court's denial of Page's motion to suppress on this basis.

Accordingly, we affirm Page's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4